# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KENDALL D. WHITE,

      Petitioner,  :  Case No. 1:04-cv-518

      -vs-  :  District Judge Susan J. Dlott
         Chief Magistrate Judge Michael R. Merz

DIRECTOR, OHIO DEPARTMENT
OF REHABILITATION AND
CORRECTIONS,

      Respondent.  :

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus by Kendall D. White, proceeding *pro se*. Petitioner is currently on parole from a ten to fifteen year sentence imposed after jury trial in the Hamilton County Common Pleas Court. He pleads the following ground for relief:

> **Ground One:** Denial of Due Process of Law: Denial of motion for new trial.
>
> **Supporting Facts:** Affidavit for two co-defendants added and testimony of several witnesses at my trial establish that I am innocent and that it was prejudicial error to convict and incarcerate me.

(Petition, Doc. No. 1, at 4.)

On Judge Hogan's Order, Respondent filed an Answer and Return of Writ on September 22, 2004 ("ROW," Doc. No. 4). Petitioner has filed no response to the defenses raised in the Answer, either by way of a reply as contemplated by Rule 5(e) of the Rules Governing §2254 Cases, or otherwise.

**The Statute of Limitations Defense**

Respondent asserts that the Petition is barred by the one-year statute of limitations which became a part of habeas corpus law upon enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  That statute, 28 U.S.C. §2244(d), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1. **Analysis Based on when the Judgment Became Final**

Petitioner was sentenced on June 18, 1996, after the AEDPA became effective, so that §2244(d) is fully applicable to his case. After he was unsuccessful on appeal to the Hamilton County Court of Appeals, he appealed further to the Ohio Supreme Court which, on October 15, 1997, declined review of his case (Return of Writ, Ex. H). Calculated in accordance with §2244(d)(1)(A), the statute of limitations thus began to run ninety days later on January 13, 1998, when Petitioner's time to seek review by the United States Supreme Court expired. Petitioner did not file his Petition in this Court until August 9, 2004, more than six and on-half years later. Clearly, if the statute ran from the date the judgment became final, it would have fully run by the time the Petition was filed, even if the time were tolled under §2244(d)(2) while the new trial motion was pending.

**2.     Analysis based on newly-discovered evidence claim:**

An alternative way to calculate the statute of limitations would be under §2244(d)(1)(D) to start with the date on which the factual predicate of the claim could have been discovered in the exercise of due diligence. Although Petitioner has offered no argument about the statute, it is presumably this method he wishes the Court to use.

Petitioner filed a motion for new trial in the Hamilton County Common Pleas Court on January 31, 2002, and it is denial of that motion which he claims deprived him of due process. He could understood to claim[1] that he could not have filed a petition here until he had found the newly-

---

[1] The allegations of a *pro se* complaint are subjected to "less stringent standards than formal pleadings drafted by lawyers." *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), citing

discovered evidence on which his motion for new trial is based and then proceeded to exhaust his remedy of a motion for new trial in the Ohio courts.

As Respondent points out, the motion for new trial was not filed until January 31, 2002. It was based on a February 9, 1999, affidavit of Petitioner's co-defendant Scott (who did not testify at trial) and a May 29, 2001, affidavit from Reco Williams, a person who had been called to testify at the trial but who claimed his Fifth Amendment privilege and thus did not testify (Motion for New Trial, Return of Writ, Ex. I at 3). Both Scott and Williams were convicted of participating in beating the victim of the crime for which Petitioner was also convicted.[2] Judge Crush found the new evidence was cumulative of the evidence presented at trial and therefore not sufficient to warrant a new trial. That decision was affirmed on appeal to the Hamilton County Court of Appeals and not appealed further to the Ohio Supreme Court.

Judge Crush made no finding about Petitioner's diligence in obtaining the affidavits of Scott and Williams and Petitioner has presented no evidence or argument to this Court about what efforts he made to obtain the affidavits. For purposes of the present analysis only, the Court assumes that Petitioner could not have filed his motion for new trial until he had obtained **both** of these affidavits and that he exercised due diligence in obtaining them. If that is true, then Petitioner could claim the benefit of §2244(d)(1)(D) and the statute of limitations would start to run on the date the last affidavit was obtained, May 29, 2001. It would then continue to run until tolled under §2244(d)(2) by the filing of the motion for new trial on January 31, 2002, 247 days later.

---

*Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

[2] Apparently the victim was so severely beaten by a number of attackers that he suffered permanent brain damage.

The Court also assumes that Petitioner is entitled to have the statute tolled by the filing of the motion for new trial. 28 U.S.C. §2244(d)(2) provides that the time is tolled during the pendency of any "properly filed" post-conviction or other collateral review. Judge Crush found the motion for new trial was properly filed despite the expiration of time. *Compare Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Based on this assumption, the statute remained tolled until the forty-fifth day after the Hamilton County Court of Appeals affirmed Judge Crush's denial of the motion for new trial, that is, until September 1, 2003. The statute then began to run again and ran until the Petition was filed in this Court on August 9, 2004, 343 days later. Thus, under the most generous assumptions, the time ran for 590 days after Petitioner obtained the Williams Affidavit until he filed here.

In sum, calculating the statute of limitations date either from when the judgment became final or from when Petitioner obtained the Williams Affidavit, the Petition is barred by the statute of limitations and should be dismissed with prejudice.

**The Procedural Default Defense**

Respondent asserts in the alternative that Petitioner procedurally defaulted on his claim by not appealing to the Ohio Supreme Court after the Hamilton County Court of Appeals affirmed the denial of the motion for new trial.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

> demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72,(1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*, supra; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Because Petitioner failed to present his claim – denial of a new trial – to the Ohio Supreme Court, he cannot have this Court make a determination of the merits of that claim. His Petition should be dismissed with prejudice because the sole ground raised is procedurally defaulted.

**Petitioner Fails to State a Claim for Federal Habeas Relief**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982),

*Barclay v. Florida,* 463 U.S. 939 (1983). Petitioner's claim, read as he himself framed it, is that the state courts denied him due process when they denied his motion for new trial. However, there is no federal constitutional right to a new trial proceeding. Post-conviction state collateral review is not a constitutional right, even in capital cases. *Murray v. Giarratano*, 492 U.S.(1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated). *Accord, Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.), *cert denied*, 120 S. Ct. 22 (1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd.*,336 F.3d 478 (6th Cir. 2003).

## Conclusion

It is respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations and because the sole ground for relief was procedurally defaulted. If the Court disagrees with both of these conclusions, it should dismiss the Petition without prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

June 28, 2006.

                                            s/ Michael R. Merz
                                  Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\White v. ODRC 01.wpd